IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

TWANNA RICE,

    PLAINTIFF,

V.                                                              CIVIL ACTION NO.

BIG DADDY'S OUTDOORS.,

    DEFENDANT.                                        JURY TRIAL DEMANDED

## COMPLAINT

**I.   JURISDICTION**

    1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000e *et seq*. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, *et seq*. (Title VII) and 42 U.S.C. § 1981. The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by Title VII providing for injunctive and other relief against race discrimination.

    2.    Plaintiff timely her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

1

## II. PARTIES

3. Plaintiff, TWANNA RICE, (hereinafter "Plaintiff") is a citizen of the United States, and a resident of Pittsburgh, Marion County, Tennessee. Plaintiff was formerly employed by Defendant.

4. Defendant, BIG DADDY'S OUTDOORS. (hereinafter "Defendant") is registered and doing business in the State of Alabama and is an entity subject to suit under Title VII. Defendant employs at least fifteen (15) persons.

## III. STATEMENT OF THE FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6. Plaintiff is a woman of African descent/ancestry.

7. Defendant hired Plaintiff on or about April 1, 2001.

8. Defendant terminated Plaintiff's employment on September 11, 2016.

9. Upon information and belief, Defendant hired a white employee to fill Plaintiff's open position.

10. Defendant employed Plaintiff as a cashier, which included the job duties of operating the cash register, cleaning the store, and stocking the shelves; although on occasion, Defendant assigned Plaintiff the task of opening and closing the store.

11. Defendant's business location operates two departments, with one

2

department operating in the sale of sporting goods and the other department operating as a convenience store.

12. At the beginning of her employment, Defendant consistently paid Plaintiff the Federal Minimum wage; however, at the time of her termination, Defendant was paying Plaintiff a wage of $7.50 per hour.

13. Aside from the Plaintiff, Defendant employed only one other employee of African descent/ancestry, Tasha Robinson.

14. Tasha Robinson is Plaintiff's daughter.

15. Defendant scheduled Plaintiff to work on September 9, 2016.

16. Plaintiff reported to work, but she was also suffering from a stomach ache.

17. After working a portion of the day, Plaintiff's stomach was bothering her so much that she had to leave work.

18. Defendant employed Karen Griffith.

19. Karen Griffith's was Plaintiff's supervisor.

20. Griffith regularly works on Defendant's premises for an hour and a half in the morning and an hour and a half in the evening.

21. Griffith was usually not on Defendant's premises during the time Plaintiff regularly concluded her shift in the afternoon.

22. Griffith works a full-time job elsewhere, so the standard practice among

3

Defendant's employees is to simply inform whoever is working during the shift about the need to leave work so that the remaining employee(s) can inform Griffith about what occurred while she was at her other job.

23. On September 9, 2016, Plaintiff followed the exact practice in the above paragraph, when she left work because of health related reasons.

24. Plaintiff informed her co-worker, Alicia Pace, that she was not feeling well and she left work.

25. Pace told Plaintiff that she would let Griffith know about Plaintiff's illness and the need to leave work.

26. Upon information and belief, Pace informed Griffith about Plaintiff's illness and the need to leave work.

27. A couple of days later, Griffith telephoned Plaintiff at home and asked Plaintiff what happened.

28. Plaintiff told Griffith that she was sick and had to leave work and that she left word with Alicia Pace.

29. Griffith told Plaintiff that she had spoken with the owner, Lou Lloyd, and that Defendant decided "to let [Plaintiff] go."

30. Because Defendant had not given any disciplinary reprimands to Plaintiff during her employment, Plaintiff was in disbelief that Defendant terminated her employment.

31. Plaintiff reminded Griffith that she had frequently worked shifts in whole or part for other white employees who had either shown up for their shift late, left early or were otherwise a no call/no show.

32. Griffith informed Plaintiff that the termination decision was final.

33. Griffith's sister, Debbie Griffith, has been a no call/no show many times but she has not been disciplined.

34. Defendant did not terminate other white employees, including Rhonda Dobbins, and Sandy Kowtis for commiting the offense of a "no call/no show" or otherwise missing work for personal reasons, including sickness, and such offenses occurred with Karen Griffiths full knowledge, and yet Defendant did not give any disciplinary reprimand to them.

35. Pace could easily handle operating the store by herself, as she had done so my times when other white employees were unable to work, were late, left early or committed the offense of a no call/no show.

36. Griffith had knowledge regarding of all of these attendance offenses committed by white employees, but took no discipline against the white employees.

37. On Labor Day 2016, Plaintiff did not work, but was not paid for that day, although white employees, including Cody St. Clair, Robert Redder, Bo Lloyd, Hershel Wilson, and Conan Mentor were all paid.

IV. **COUNT ONE – Title VII and 42 U.S.C. § 1981 – Race - Termination.**

38. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 37 above.

39. Plaintiff is a woman of African descent/ancestry.

40. Defendant hired Plaintiff on or about April 1, 2001.

41. Defendant terminated Plaintiff's employment on September 11, 2016.

42. Upon information and belief, Defendant hired a white employee to fill Plaintiff's open position.

43. Defendant's decision to terminate Plaintiff's employment was motivated because of, in whole or part, Plaintiff's protected class, a person of African ancestry, i.e. colloquially known as "black," as illustrated by Defendant's decision to not terminate employees of European ancestry, i.e. colloquially known as "white," for the substantially similar offense attendance of violating Defendant's attendance policy.

44. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering mental anguish.

V. **COUNT TWO – Title VII and 42 U.S.C. § 1981 – Race – Holiday Pay**

45. Plaintiff hereby incorporates by reference each of the allegations regarding contained in paragraphs 1 through 30 above.

46. Plaintiff is a woman of African descent/ancestry.

47. Defendant hired Plaintiff on or about April 1, 2001.

6

48.  Defendant terminated Plaintiff's employment on September 11, 2016.

49.  On Labor Day 2016, Plaintiff did not work, but was not paid for that day, although white employees, including Cody St. Clair, Robert Redder, Bo Lloyd, Hershel Wilson, and Conan Mentor were all paid.

50.  Defendant's decision to not pay Plaintiff holiday pay was motivated because of, in whole or part, Plaintiff's protected class, being a person of African ancestry, i.e. colloquially known as "black."

51.  As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering mental anguish.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A.  Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII and 42 U.S.C. § 1981.

B.  Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant's request from continuing to violate Title VII and 42 U.S.C. § 1981.

C.  Enter an Order requiring Defendant to make Plaintiff whole by awarding her front-pay, back pay (plus interest) compensatory damages, punitive

7

damages, special damages, and/or nominal damages, injunctive and declaratory relief, and benefits.

D.  Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

_____
ALLEN D. ARNOLD

_____
KIRA FONTENEAU

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
(205) 252-1550 – Office
(205) 502-4476 – Facsimile

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

DEFENDANT'S ADDRESS:
Big Daddy's Outdoors
c/o Tony Thomas
28404 U.S. Highway 72
Hollywood, AL 35752

8